IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2035-FL

| | |
|---|---|
| FARLEY L. BERNARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CARLTON JOYNER and THE ) | |
| NORTH CAROLINA ATTORNEY ) | |
| GENERAL, ) | |
| ) | |
| Respondents. ) | |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his North Carolina January 10, 2007, conviction for first-degree kidnaping, robbery with a dangerous weapon, felonious operation of a motor vehicle, and felonious possession of stolen goods. (Pet. ¶ 5.) The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts.

Court records indicate that petitioner previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his January 10, 2007 conviction. See Bernard v. Davis, No. 5:09-HC-2092-FL (E.D.N.C. dismissed, Sept. 29, 2009); (Pet. ¶ 14.). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)    (i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

              (ii)    the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, petitioner's habeas claim is DISMISSED without prejudice to allow him to seek authorization to file this application.

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

2

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

In summary, petitioner's § 2254 petition is DISMISSED without prejudice to allow petitioner to seek authorization from the Fourth Circuit Court of Appeals to file this second or successive action. Additionally, a certificate of appealability is DENIED.

SO ORDERED, this 1st day of March, 2016.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge